**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jamie Elizabeth ANDREWS,
Defendant—Appellant.**

No. 03–50604.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2005.

Decided July 1, 2005.

Erik M. Silber, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Todd T. Tristan, Esq., USSA—Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff—Appellee.

Robison D. Harley, Jr., Esq., Santa Ana, CA, for Defendant—Appellant.

▮▮▮

Before: KOZINSKI and TROTT, Circuit Judges, and SAND,* District Judge.

### MEMORANDUM **

▮ 1. The district court did not abuse its discretion in excluding expert testimony about battered woman syndrome (BWS). Even if the expert had testified that Andrews suffered from BWS, which is unclear, such evidence was not offered to establish duress, a defense Andrews abjured. Nor did Andrews notify the government that she would be presenting expert testimony for the purpose of establishing a mental disease or defect. *See* Fed.R.Crim.P. 12.2(b). Any expert testimony about BWS thus had no bearing on whether Andrews had aided and abetted Clody's fraudulent use of counterfeit credit cards. Under these circumstances, the district court did not abuse its discretion by excluding such testimony, and its exclusion was in any event harmless.

▮ 2. In view of Andrews's handwritten notes containing information about the victims, her "spending spree" notes and testimony about purchases made at J.C. Penny, there was sufficient evidence for the jury to find that she was a participant in Clody's crimes, rather than an innocent bystander.

▮ 3. Consistent with *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc), we "remand to the district court ... for the [limited] purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *Id.* at 1074.

**AFFIRMED IN PART; REMANDED IN PART.**

---

* The Honorable Leonard B. Sand, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.